# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2844

_____

United States of America,          *
           *

          Appellee,        *   Appeal from the United States
           *   District Court for the Western
    v.              *   District of Arkansas.
           *

Anthony Lee Parks,        *       [UNPUBLISHED]
           *

          Appellant.      *

_____

Submitted: January 13, 2004

Filed: January 21, 2004

_____

Before LOKEN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Anthony Lee Parks sold crack cocaine to an undercover agent four times. During the sales, police maintained surveillance and used hidden audio equipment to record the conversations. A jury convicted Parks on four counts of distributing the drug. The district court[*] sentenced Parks to seventy-eight months in prison.

_____

[*]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

On appeal, Parks contends the evidence was insufficient to support his convictions because the Government failed to corroborate any of the informant's testimony and failed to take proper precautions with him. Viewing the evidence in the light most favorable to the verdict, a reasonable jury could find beyond a reasonable doubt that Parks sold and distributed crack cocaine on four occasions as charged in the indictment. The informant testified at trial, and his testimony was corroborated by the testimony of the officers who monitored the transactions and by audio and video tape evidence. Further, the police took proper precautionary measures with the informant. The police searched the informant and his vehicle before his meetings with Parks, kept the informant under surveillance during each meeting, monitored what the informant and Parks said during their transactions, and took the crack cocaine into their possession immediately afterwards.

Parks also asserts the district court should have granted a downward departure from the applicable sentencing guidelines range because the Government's initiation of the drug deals and decision to set up four separate buys amounted to improper sentencing entrapment and sentencing factor manipulation. The district court was aware of its ability to depart on these grounds, see United States v. Searcy, 284 F.3d 938, 942 (8th Cir. 2002), but chose not to do so based on its findings that the Government did not act improperly, try to manipulate Parks's sentence, or commit sentencing entrapment. As the district court observed, the Government had legitimate reasons for conducting four transactions with Parks. The investigation of Parks resulted in discovery of additional intelligence and evidence. The police continued to set up the transactions to discover Parks's drug source. Further, Parks did not prove he was not predisposed to commit the crime. See id.

We thus affirm Parks's conviction and sentence.

_____